ELLIS, Judge.
Defendant, Louis J. Capozzoli, Jr., a former vice-president of the plaintiff corporation, was employed by plaintiff in 1958 to open its new office in Baton Rouge, Louisiana. Defendant was in full charge of the office and responsible not only for the performance of the services rendered by the company, but also for developing business. In connection therewith, it appears that he did considerable entertaining. He purchased, with his own funds, stock in two clubs and a little theater group. His dues in the clubs and his tickets to the theater were paid for by the company, which also bore his other entertainment expenses.
In 1958, four season tickets for Louisiana State University football games were purchased in defendant’s name. The seats are located on the 25 yard line on the West side of the stadium. Defendant claims that he made the decision to purchase the tickets independently. The president of the plaintiff corporation testified that he approved the purchase after discussing the matter with defendant. The tickets for that year, and all subsequent years, were paid for with company funds and mailed to defendant at the company’s office. The tickets were used to entertain clients of the company.
In the summer of 1965, defendant advised plaintiff that he was resigning, apparently to go into business for himself in competition with plaintiff. Among other details which were discussed was the question of the tickets, which had already been ordered and paid for with company funds. Defendant made a special trip to his home to get them, but found that they had not yet been received.
Subsequently, he advised plaintiff that he considered the tickets to be his property, and sent a check to reimburse it for the purchase price. The check was returned to defendant, who, through his attorney, sent it to plaintiff’s attorney, who has retained the check since that time without negotiating it.
*487 Plaintiff demanded the tickets from L. S.U., but was advised that its records reflected that the tickets were in the name of defendant. L.S.U. gives season ticket holders the right to buy the same or better seats each year. This priority right is non-transferable.
This suit was filed, asking that defendant be ordered to turn the tickets over to plaintiff as well as all future tickets or rights to future tickets. Plaintiff also prayed for reimbursement for any tickets used by defendant.
The district court rendered judgment ordering defendant to turn over to plaintiff the tickets in his possession, together with all rights, title and interest therein, including the right to future tickets. It further gave judgment for $140.25, the cost of the 1965 season tickets, which were used by defendant. From that judgment, defendant has appealed suspensively.
Defendant’s first assignment of error is that the district court erred in finding that the priority rights were held by defendant as agent of plaintiff. From the evidence, we find that defendant himself testified that the tickets were bought for the purpose of entertaining clients, and were paid for with company funds. During his confrontation with plaintiff’s president at the time of his resignation, he did not question plaintiff’s right to the tickets. We also note that on the one occasion when the president attended a game and brought guests, .it was he and his guests who sat in the sideline seats and defendant who sat in the end zone.
. We find that the relationship between the parties was one of mandate. Civil Code, Article 2985. Defendant was not merely an employee, but had full authority to act on behalf of plaintiff. All of his actions and his own testimony indicate that in purchasing the tickets, he was acting for plaintiff. In so doing, he was within the scope of his mandate, whether specifically authorized by plaintiff or not. Civil Code, Article 3000. Whatever is received as a result of his actions on behalf of plaintiff, he is obliged by law to restore on the termination of the relationship. Civil Code, Article 3005.
We find that the real owner of the tickets and the rights appurtenant thereto throughout the existence of the business relationship between the parties has been the plaintiff, despite the fact that they were acquired in defendant’s name.
Defendant further claims that, in view of the fact that L.S.U.’s policy forbids transfer of season ticket rights, the right to reorder season tickets cannot be found to be a property right subject to transfer by defendant. He further claims that an order to turn over the right to future football tickets is unenforceable, since defendant cannot be compelled to order the tickets for benefit of plaintiff.
We have already found that the purchase of the tickets was on behalf of plaintiff. The conclusion is inescapable that only plaintiff should be entitled to exercise the priority rights incident thereto, which exist from year to year only because of the ticket purchase. We recognize that, because L.S.U. is not a party to this suit, we have no control over what action it might take as a result of our holding.
We do not find that the district court exceeded its authority in the judgment rendered by it. It was correct in its recognition of plaintiff as the real party at interest in whatever contract existed with L.S. U. relative to the tickets and priority rights. Defendant was under the jurisdiction of the court and an order that he turn over to plaintiff any tickets which he might possess or in the future receive is certainly within the bounds of the court’s authority.
Finally, it is contended that the judgment should not have been awarded plaintiff for $140.25, since its attorney has had defendant’s check in that amount since about September 21, 1965.
*488 The check was tendered to plaintiff before the 1965 football season began, and almost two months before this suit was filed. It was not intended to be in satisfaction of plaintiff’s claims in the suit. Plaintiff’s acceptance of the check at the time it was offered might very well have constituted a recognition of defendant’s ownership of the tickets. We do not believe that the fact that plaintiff’s attorney has held the check in his file since September, 1965, is of any moment, since it was never tendered by defendant in satisfaction of plaintiff’s claims in this suit.
We are of the opinion that the judgment appealed from is correct, and it is affirmed, at defendant’s cost.
Affirmed.